THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* Josá L. REXACH, Defendant and Appellant.

Nos. 9891 and 9892. Argued May 6, 1943.—Decided May 18, 1943.

*Francisco González Fagundo* for appellant.  *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On April 29, 1942, the district attorney filed an information against the appellant, charging him with having violated the Act relating to the registration of firearms (Act No. 14 of July 8, 1936, Spec. Sess. Laws of 1936, p. 128), as amended by Act No. 95 of May 12, 1937 (Laws of 1936–37, p. 231), in that he had in his possession and control a revolver without having declared the same in writing to the Chief of Police of Gurabo, which is the district of his residence.  On that same date the district attorney filed another information against said defendant for the offense of carrying weapons.  Both cases were jointly tried on December 15, 1942, and on the sixteenth of that same month the District Court of Humacao rendered judgment sentencing the defendant to pay a $50 fine for not having registered the weapon, and to a month in jail for illegally carrying it.

In the appeals filed against said judgments, the only error assigned is that the lower court erred in overruling the motions to dismiss filed by defendant in both cases.

█ █ The informations were filed on April 29, and the arraignment took place on May 11, 1942.  On July 24, 1942, both cases were set for hearing on August 25, a date which was within the 120 days following the date of the filing of both informations.  It appears from the record that on Au-

gust 20, five days before the date set for the trial, Francisco González Fagundo, Esq., who at the time was Acting Judge of the District Court of Humacao, stated that he would decline to hear both cases for the reason that he had been consulted as an attorney, and had advised the defendant as to both informations. And he ordered the postponement of the trial.

On November 3, both cases were set for trial on December 15, 1943. On that date the defendant appeared with his counsel, Francisco González Fagundo, Esq., and moved for the dismissal of the prosecution, basing his petition on the fact that from the time of the filing of the information to December 15, 1942, the date set for the trial, the 120-day term fixed by §448 of the Code of Criminal Procedure, had elapsed. It does not appear from the record that the defendant made any efforts to have the setting of the trial advanced. Nor does the record show the length of time during which defendant's attorney was acting judge of the court, making it impossible for the trial to be held against his client.

We are of the opinion that the lower court did not err in overruling the motion to dismiss. The trial was set for a date within the legal term of 120 days—August 25, 1942. There was a "just cause contrary" to the holding of the trial on the date fixed, and that cause arose by virtue of the action of defendant's own counsel, who, upon accepting the office of acting judge of said court, prevented the holding of the trial within the legal term.

The fact being satisfactorily established that there was a just cause to prevent the holding of the trial within the 120 days following the filing of the information, we believe our decision in *People* v. *Balzac*, 56 P.R.R. 622, to be applicable. In it, it was said (p. 624):

"We do not think that a new term of 120 days may be counted every time that a case is postponed for just cause. It would depend on all the circumstances."

24

The Circuit Court of Appeals for the First Circuit, in *Gerardino* v. *People of Puerto Rico*, 29 F. (2d) 517, construing the provisions of §448 of the Code of Criminal Procedure, said:

"It is now urged that this Porto Rican statute is so far a binding definition of the term 'speedy,' as used in the Organic Act, as to require a dismissal by this court of these cases in which the actual trial took place 143 days after the granted motion for a continuance. There are several sufficient answers to this contention:

"(1) While this legislative definition is entitled to fair consideration, it is not binding on this court. It is entirely open to this court to hold that 120 days are a period either too long or too short to be within the fair meaning of 'speedy.'

"(2) If we apply the Porto Rican Code, full force must be given to the provision, *supra*, that the trial has not been postponed upon the application of the accused. But this trial was postponed upon the defendants' motion; and it does not appear that they did not ask for such continuance as brought their actual trial within 120 days from the end of the continuance sought and obtained. Inferentially, after securing delay, they never thereafter asked for a trial."

Considering all the circumstances of the case, we cannot say that the defendant-appellant did not have the speedy trial guaranteed to him by the Organic Act. His cases were set for trial 69 days after the postponement, caused and ordered by counsel for the defendant, and the trial was held within the 120 days following the postponement.

The judgment appealed from must be affirmed.